**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**Thomas E. Leftwich,**
**Petitioner Below, Petitioner**

**v.)  No. 24-218** (Raleigh County No. CC-41-2023-C-73)

**Jonathan Frame, Superintendent,**
**Mt. Olive Correctional Facility and Jail,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION


The petitioner, Thomas E. Leftwich, appeals the April 1, 2024, order of the Circuit Court of Raleigh County denying relief in his second habeas corpus proceeding.[1] The petitioner argues that the circuit court erred in finding that his claim of ineffective assistance of habeas counsel lacked merit and that his other grounds for habeas relief were barred by the doctrine of res judicata. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In 2008, a jury convicted the petitioner of first-degree murder and conspiracy involving the death of a Beckley, West Virginia, undercover police officer. Regarding the petitioner's murder conviction, the jury did not recommend mercy. Therefore, the circuit court sentenced the petitioner to a life term of incarceration without the possibility of parole. For the petitioner's conspiracy conviction, the circuit court imposed a consecutive sentence of one to five years of incarceration. This Court refused the petitioner's criminal appeal in 2009. The Supreme Court of the United States denied certiorari. *See Leftwich v. West Virginia*, 558 U.S. 974 (2009).

The petitioner filed his first petition for a writ of habeas corpus in 2010. After the appointment of habeas counsel, the petitioner filed an amended habeas petition in 2013. On the petitioner's *Losh* checklist,[2] he asserted the following grounds for relief: (1) consecutive sentences; (2) coerced confessions; (3) ineffective assistance of trial counsel; (4) defects in the indictment; (5) constitutional errors in evidentiary rulings; (6) erroneous instructions to the jury; (7) claims of

---

[1] The petitioner is self-represented, and the respondent is represented by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* checklist, originates from our decision in *Losh v. McKenzie*, 166 W. Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981), wherein we set forth the most common grounds for habeas relief.

prejudicial statements by the prosecutor; (8) excessive sentence; and (9) challenges to composition of the jury. The petitioner waived any grounds not raised on his *Losh* checklist. By order entered on January 28, 2020, the circuit court found that "an evidentiary hearing is not required" and denied the amended petition. *See Leftwich v. Ames*, No. 20-0143, 2022 WL 673688, at *12 (W. Va. Jan. 12, 2023) (memorandum decision). In *Leftwich*, this Court affirmed the circuit court's denial of relief in the first habeas proceeding, concluding that the circuit court's order contained no error. *Id.* at *1.

The petitioner filed his second habeas petition in March 2023. In its April 1, 2024, order, the circuit court found that the petitioner asserted most, if not all, of the same claims as he did in his first habeas proceeding. The circuit court acknowledged that the petitioner's assertion that he did not receive effective assistance of counsel in the first habeas proceeding constituted an additional ground for relief. However, the circuit court determined that the petitioner's allegations regarding the ineffective assistance of habeas counsel lacked specificity, explaining that the petitioner provided "no details as to why he feels that [habeas] counsel was ineffective." The circuit court concluded that "the Petitioner simply is mistaking the lack of successes for ineffective assistance of counsel" because "[t]here is absolutely no indication in the record anywhere that [habeas] counsel could have done something different and achieved a different result."[3] Thus, the ineffective assistance of habeas counsel claim did not have the specificity to necessitate the appointment of counsel or the holding of a hearing on that issue.[4] The circuit court found that all of the other grounds raised in the petitioner's second habeas petition were barred by the doctrine of res judicata as the circuit court had "fully adjudicated" those claims when it denied his first habeas petition in the decision affirmed by this Court in *Leftwich*. Therefore, the circuit court denied the petitioner's second habeas petition. The petitioner now appeals. We review the circuit court's order "and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

The circuit court thoroughly considered and addressed each of the petitioner's claims. Upon our review, we conclude that the petitioner has not satisfied his burden of demonstrating error in the court's rulings, and we find none. *See* Syl. Pt. 2, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial

---

[3] *See* Syl. Pt. 5, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995) (ineffective assistance of counsel claims are governed by the following two-part test: "(1) [c]ounsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different").

[4] As we noted in *Losh*, a claim that does not have "detailed factual support does not justify . . . the appointment of counsel [or] the holding of a hearing." 166 W. Va. at 771, 277 S.E.2d at 612; *see* Syl. Pt. 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973) (a court may deny a habeas petition without appointing counsel or holding a hearing "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief").

court." (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973))). Accordingly, we find that the circuit court did not abuse its discretion in denying habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 13, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III